COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz,[*] Elder and Fitzpatrick
Argued at Salem, Virginia


NEIGHBORS OF VIRGINIA, INC., ET AL.
                                    MEMORANDUM OPINION[**] BY
v.         Record No. 2064-94-3     JUDGE LARRY G. ELDER
                                      SEPTEMBER 12, 1995
NANCY A. DIGANGI


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Cathleen P. Welsh (Wharton, Aldhizer & Weaver,
               P.L.C., on brief), for appellants.

               (Roger A. Ritchie; Roger Ritchie & Partners,
               P.L.C., on brief), for appellee.



        In this workers' compensation case, Neighbors of Virginia,

Inc. and Manufacturers Alliance Insurance Company (collectively

"employer") appeal the full commission's award of benefits to

Nancy A. DiGangi (claimant).  Employer asserts that claimant's

condition, right lateral epicondylitis, is not compensable as an

occupational disease under Code § 65.2-401.  Because clear and

convincing evidence proved that claimant suffered from an

occupational disease, we affirm the commission's award of

benefits.

        Claimant, a store manager, worked a "double shift" on

February 13, 1993 at the Neighbors Store in McGaheysville, which

_____

        [*]Justice Koontz participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

        [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was owned by employer.  Claimant shoveled snow in the store's parking lot area for at least two hours during her shift, per employer's request, as she had done in the past.  While she was shoveling snow, claimant developed severe pain in her right arm, near her elbow.

Claimant received treatment from Dr. Dean Woodard beginning on March 4, 1993, who described claimant's condition as lateral epicondylitis (known as tennis elbow).  Dr. Woodard stated that claimant's pain was attributable to a work-related condition caused by the heavy and repetitive nature of her work and that claimant sustained "an occupational disease (injury)."

Employer terminated claimant on March 30, 1993.  Dr. Woodard released claimant to light duty work on April 7, 1993, restricting use of her right arm.

On April 20, 1993, claimant was examined by Dr. Frederick L. Fox, an orthopedic surgeon, who also diagnosed her condition as "tennis elbow."  Dr. Fox stated that claimant sustained an occupational disease, and he indicated that all six of Code § 65.2-400's elements were satisfied.

The deputy commissioner denied claimant's claim, finding that her right lateral epicondylitis was not a disease under the Workers' Compensation Act.  The commission reversed and awarded claimant benefits.  The commission considered claimant's condition an ordinary disease of life pursuant to Code § 65.2-401 and found that the evidence was sufficient to meet the

requirements of Code §§ 65.2-400 and -401.

We hold that the commission did not err in determining that claimant proved the necessary elements of Code § 65.2-401 and that she suffered from a compensable occupational disease. On review, we construe the evidence in the light most favorable to the party prevailing before the commission. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Whether a disease is causally related to the employment and not causally related to other factors is a finding of fact that is conclusive and binding on this Court when supported by credible evidence. Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991).

In Merillat Industries, Inc. v. Parks, 246 Va. 429, 432, 436 S.E.2d 600, 601 (1993), the Supreme Court stated that the Workers' Compensation Act "requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease." While the Supreme Court declined to articulate a definition of "disease" in Merillat, see Commonwealth/Dept. of State Police v. Haga, 18 Va. App. 162, 165, 442 S.E.2d 424, 425 (1994), we did so in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993), where we defined disease as:

> any deviation from or interruption of the normal structure or function of any part, organ, or system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may be known or unknown.

See also Haga, 18 Va. App. at 166, 442 S.E.2d at 426.

Medical records produced by Doctors Woodard and Fox prove that claimant's right elbow was afflicted by lateral epicondylitis, a condition properly characterized as a disease. "Accordingly, the commission considered claimant's condition an ordinary disease of life within the meaning of Code § 65.2-401," Piedmont, 17 Va. App. at 504, 438 S.E.2d at 773, and credible evidence supports the commission's finding in this regard.

Although her condition was characterized as an ordinary disease of life, claimant also met her burden of producing clear and convincing evidence that her ordinary disease of life was employment-related. Code § 65.2-401. See Piedmont, 17 Va. App. at 504, 438 S.E.2d at 773. First, claimant established to a reasonable degree of medical certainty that the disease (1) arose out of and in the course of her employment as provided in Code § 65.2-400; (2) did not result from causes outside of the employment; (3) was characteristic of the employment; and (4) was caused by conditions peculiar to the employment. Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 10, 365 S.E.2d 782, 788 (1988). As the commission stated, neither Doctor Woodard nor Doctor Fox was equivocal in this area. Because claimant met the requirements of Code §§ 65.2-400 and -401, the commission did not err in awarding her benefits.

For the foregoing reasons, we affirm the commission's award.

Affirmed.

-4-

Koontz, J., dissenting.

For the reasons more fully stated in my dissent in <u>Perdue Farms, Inc. v. McCutchan</u>, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1995)(Koontz, J., dissenting), I respectfully dissent.